OPINION OF THE COURT
Shanley N. Egeth, J.
The instant motion seeks an order from this court compelling disclosure of five documents presently claimed to be in the possession of Simpson Thacher & Bartlett (Simpson Thacher) attorneys for plaintiff, Pennsylvania Power and Light Co. (PP & L).
The action within which discovery is sought is presently pending in Lehigh County, Pennsylvania. In that action plaintiff claims breach of a contract based upon claimed failure of the defendant to supply nuclear fuel fabrication services and uranium for plaintiff’s reactors. Defendant disputes the existence of a contract contending that letters of intent never eventuated into a binding contract.
The central issue to be determined at the Pennsylvania trial is whether the letters of intent exchanged by the parties or their predecessors eventuated into a binding contract.
*485 After application was made to it, the Pennsylvania court authorized fairly broad discovery prior to the trial to be conducted there. In implementation of that determination, defendant took depositions of plaintiffs special counsel, Simpson Thacher, and procured discovery of about 22 documents contained in their file.
The discovery relating to Simpson Thacher dealt with their relationship with their, client PP & L regarding documents and preparation of prospectuses and offerings involving the sale of its stock. Defendant contends that it requires this information to prove that in conjunction therewith plaintiff and its counsel actually considered the letters of intent in question to create a binding contractual obligation. This is the issue it seeks to establish in the Pennsylvania trial.
During discovery efforts Simpson Thacher has refused to make five documents available contending that they are work product, and more importantly, that they are subject to an attorney-client privilege, which Simpson Thacher asserts on behalf of its client, PP & L. In essence, the documents are interoffice memos summarizing their position prior to preparation of the final version of the fund raising prospectus; correspondence with PP & L relating thereto, the file memo summarizing a PP & L meeting at which the subject was dealt with, and other memos and investigation reports relating to facts and documents utilized by the attorneys and their client prior to their agreement as to the final form of the eventual prospectus.
The product of all of this discovery will be utilized by trial counsel during the course of the trial to be conducted in Pennsylvania. The instant motion solicits an order of this court in New York to determine the proper limits of the discovery being conducted here for the Pennsylvania trial. Specifically, this court is requested to rule under the applicable law (New York or Pennsylvania) as to whether the claimed attorney-client privilege attaches to the documents which are the subject of this motion.
This court declines to determine this issue under New York or Pennsylvania law. It does so in the belief that its ruling would be wholly academic in light of the purpose for which this discovery is sought. Since the trial will be held in Pennsylvania, the admissibility of evidence and rulings in connection therewith (including the asserted claim of privilege), will all be determined at trial by the Pennsylvania court. Under *486 these circumstances the issue should be determined in accordance with the applicable rules of evidence in Pennsylvania, and the law of Pennsylvania governing attorney-client privilege. The issue should also be decided upon consideration of the Pennsylvania law applicable to the extent of discovery. The New York law concerning these matters is irrelevant to the conduct and management of the Pennsylvania trial.
The Pennsylvania court, although generally authorizing broad discovery in its action, has not specifically ruled upon the availability for discovery of the items for which discovery is sought in this motion. If this court were to precipitously attempt to apply Pennsylvania law and determine the issue, the Pennsylvania court would nevertheless be free to make its own ruling relating to the discovery of the documents, and the use, if any, which it may be afforded at trial. A determination by this court would not be binding upon the Trial Judge in Pennsylvania. This court could not enforce its decision in the Pennsylvania trial, and it should not attempt to pre-empt or posture the decision which will inevitably be required to be made by the Trial Judge.
Since this court is merely exercising its functions to assist and implement in this jurisdiction, the mandate of the Pennsylvania trial court, it firmly believes that the issue should be determined by the Pennsylvania trial court. It is therefore ordered that application should be made in the Pennsylvania trial court for a decision as to the discoverability and admissibility of the documents sought.
Justice Schwartz made a similar disposition of a similar motion relating to a New York deposition in a case pending in Texas, pursuant to a commission issued out of the Texas court. (Matter of Murphy, Thornton, Hinerfeld & Cahill, NYLJ, Nov. 15, 1978, p 41, col 1.) In that case an issue of attorney-client privilege was asserted in litigation arising out of the Howard Hughes estate. Justice Schwartz ruled that to the extent that the Texas court determined permissible limits of discovery, the New York court would issue its orders in implementation thereof. The learned Justice further held that to the extent that the Texas court had not ruled upon the issues, the parties to the litigation should make an application in the Texas trial court for a further ruling.
This court believes that the decision of Justice Schwartz provides the appropriate procedure for resolution of the dispute.
*487 Accordingly, this motion is denied. The parties are instructed to procure a determination of the issue from the Pennsylvania trial court. This court will then be available to implement any such decision in this forum.