OPINION OF THE COURT
Israel Rubin, J.
Petitioner Peter Jarvis seeks a judgment compelling a witness in a Pennsylvania action for divorce to answer questions posed during a deposition of June 22, 1988 and to comply with a subpoena duces tecum dated July 27, 1988.
The deposition of Stanley Bryer, Esq. was conducted pursu *405 ant to a commission issued out of the Court of Common Pleas, Bucks County, Pennsylvania, on June 8, 1988. The witness is an attorney of this State who represented respondent Jane Owen Jarvis in the preparation of a prenuptial agreement sought to be enforced by respondent herein in the underlying Pennsylvania action.
The questions to which answers are sought were posed during cross-examination and concern the witnesses’ knowledge of the then-pending amendment to the Domestic Relations Law to provide for the equitable distribution of marital assets. Petitioner sought to elicit the effect of the pending bill on the advice the witness gave to Jane Jarvis and other clients. Specifically the witness was asked whether Ms. Jarvis was advised to expedite the signing of the prenuptial agreement with Peter Jarvis. To further explore the circumstances surrounding execution of the agreement, a file, described as a "skeleton file”, maintained in connection with Mr. Bryer’s representation of Jane Jarvis was sought by way of a subpoena duces tecum.
Objection to the disclosure of the requested information is made on the basis of attorney-client privilege, attorney’s work product and material prepared for trial. Petitioner, however, argues that any objections were waived on respondent’s direct examination by the posing of questions concerning Jane Jarvis’s communications with the witness outside the presence of Peter Jarvis.
This matter is before this court pursuant to CPLR 3102 (e). CPLR 3101 (a) provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action”, by which is meant any information which is "relevant” to the action (Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]). It is not subject to dispute that the answers sought to be elicited from the witness and the file sought to be obtained are relevant to the action (see, Maggio v State of New York, 88 AD2d 1087 [3d Dept 1982]).
The parties disagree whether the documents sought fall within the definition of attorney’s work product or material prepared in anticipation of litigation (CPLR 3101 [c], [d]). However, those rules are narrowly construed to protect only material prepared exclusively for litigation (Oppedisano v New York Mut. Underwriters, 111 AD2d 452 [3d Dept 1985]) and materials produced by an attorney, qua attorney, containing his analysis of the case and trial strategy (Graf v Aldrich, 94 *406 AD2d 823 [3d Dept 1983]). The burden of demonstrating that materials sought to be disclosed are immune from discovery rests on the party asserting the immunity (Koump v Smith, 25 NY2d 287, 300 [1969]; Westhampton Adult Home v National Union Fire Ins. Co., 105 AD2d 627 [1st Dept 1984]). The conclusory assertions of respondent’s counsel that the material sought is attorney’s work product, material prepared for trial or privileged communications are insufficient to meet this burden (Koump v Smith, supra; Witt v Triangle Steel Prods. Corp., 103 AD2d 742 [2d Dept 1984]; Matos v Akram & Jamal Meat Corp., 99 AD2d 527 [2d Dept 1984]). With the exception of her brief, respondent has submitted no papers in opposition to the petition.
The parties also dispute whether the questions posed to the witness fall within the protection of the attorney-client privilege and whether that privilege has been waived (CPLR 3101 [b]). Material falling within the scope of the privilege is exempt from disclosure. However, the rules also provide that objections to the admissibility of testimony may be made at the trial or hearing (CPLR 3115 [a]) and are not waived for failure to notice them at the deposition except where a defect in the form of a question could have been cured by timely noting it (CPLR 3115 [d]; Freedco Prods. v New York Tel. Co., 47 AD2d 654 [2d Dept 1975]).
Recognizing the inherent tension between these two sections, the courts have taken a liberal attitude towards disclosure, ruling that its purpose of ascertaining the truth and speeding the disposition of lawsuits is best served by requiring the witness to answer questions posed, reserving any objections for trial pursuant to CPLR 3115 (Hertz Corp. v Avis, Inc., 106 AD2d 246, 249 [1st Dept 1985]; Byork v Carmer, 109 AD2d 1087 [4th Dept 1985]; McKinney v State of New York, 111 Misc 2d 382). It is questionable whether an attorney even has the authority to direct a witness to refuse to answer a question during an examination before trial (see, Spatz v Wide World Travel Serv., 70 AD2d 835, 836 [1st Dept 1979]) except where the form is improper. Where a privilege might be infringed by certain responses, a protective order pursuant to CPLR 3103 (a) is available to avoid abuse or prejudice (Byork v Carmer, supra; see also, Hertz Corp. v Avis, Inc., supra). In any event, rulings made on objections to questions at an examination before trial are not subject to appeal in this jurisdiction (New England Mut. Life Ins. Co. v Kelly, 113 AD2d 285, 288 [1st Dept 1985]; Lee v Chemway Corp., 20 AD2d 266 [1st Dept *407 1964]; Caban v New York City Tr. Auth., 10 AD2d 548 [1st Dept 1960]).
Prior to the institution of the Individual Assignment System (IAS), the approved method for preserving such matters for appeal was to bring a motion at Special Term "for an order reopening the examination to permit the questions to be answered” (113 AD2d 285, 289, supra; Tri-State Pipe Lines Corp. v Sinclair Ref. Co., 26 AD2d 285 [1st Dept 1966]). Given the present organizational structure, an omnibus motion addressed to the IAS Judge at the conclusion of discovery will serve the same function.
Where an examinátion before trial is conducted pursuant to a commission issued by a foreign court (CPLR 3102 [e]), logic requires that all issues regarding the propriety of questions put to the witness be referred to the trial court. The rules governing disclosure differ from those concerning admissibility (Suzuki Performance v Utica Mut. Ins. Co., 121 AD2d 530 [2d Dept 1986]; McKinney v State of New York, supra), and questions regarding admissibility are ultimately the province of the trial court (Application of Baltimore Jewelry Co., 152 NYS2d 793). Even questions with respect to the scope of discovery are more appropriately determined under the law of the jurisdiction where the matter is to be tried.
In this regard, Matter of Shea Gould Climenko & Casey v Simpson Thacher & Bartlett (98 Misc 2d 484) is singularly on point. There, respondent resisted disclosure of certain documents on the ground of attorney-client privilege. The court declined to decide the issue reasoning that its ruling would be academic. "Since the trial will be held in Pennsylvania, the admissibility of evidence and rulings in connection therewith (including the asserted claim of privilege), will all be determined at trial by the Pennsylvania court. Under these circumstances the issue should be determined in accordance with the applicable rules of evidence in Pennsylvania, and the law of Pennsylvania governing attorney-client privilege. The issue should also be decided upon consideration of the Pennsylvania law applicable to the extent of discovery. The New York law concerning those matters is irrelevant to the conduct and management of the Pennsylvania trial” (supra, at 485-486). The opinion further states that any application to restrict the limits of disclosure should be directed to the Pennsylvania court.
The extent of the supervision exercised by the courts of this *408 State over disclosure obtained pursuant to a commission is necessarily narrow. Unless the information sought is irrelevant to the issues of the pending action, palpably improper or unfair, disclosure procedures should be liberally construed in favor of eliciting the information sought (Matter of Brandes v Harris, 78 AD2d 638 [2d Dept 1980]; Application of Baltimore Jewelry Co., supra).
Respondent has not demonstrated the existence of any of the applicable criteria and, accordingly, the petition is granted. The witness shall answer the questions posed at his deposition of June 22, 1988 and shall comply with the subpoena duces tecum dated July 27, 1988 within 45 days after service of a copy of this judgment with notice of entry. Any objections to the testimony adduced at the examination before trial shall be addressed to the trial court in Pennsylvania.