# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-00129-SCT

*RALPH ARNOLD SMITH, JR., NORTH CENTRAL MISSISSIPPI REGIONAL CANCER CENTER, INC. AND WILLIAM C. BELL*

*v.*

*HICKMAN, GOZA & SPRAGINS, PLLC AND CHAPMAN, LEWIS & SWAN, PLLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/09/2017 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| TRIAL COURT ATTORNEYS: | LAWRENCE JOHN TUCKER, JR. |
| | JEFFREY JOHNSON TURNAGE |
| | RALPH EDWIN CHAPMAN |
| | H. SCOT SPRAGINS |
| | TIMOTHY HUTSON JONES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLIAM CHARLES BELL |
| ATTORNEYS FOR APPELLEES: | H. SCOT SPRAGINS |
| | RALPH EDWIN CHAPMAN |
| | LAWRENCE JOHN TUCKER, JR. |
| | DANA J. SWAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., KING AND BEAM, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     This appeal is yet another part of the many civil and criminal cases arising out of the

attempted murder of Lee Abraham, allegedly orchestrated by Dr. Arnold Smith.  The trial

court sanctioned Smith's attorney, William Bell, for violating its order sealing a portion of a document. Because the trial court did not abuse its discretion in sanctioning Bell, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2. This appeal arises out of the civil case in LeFlore County between Lee Abraham and Dr. Arnold Smith. In March of 2014, during the course of discovery, Smith filed his Notice of Experts and the Expert Report of Michael Levine dated March 16, 2014 ("Expert Report") with the circuit clerk of LeFlore County, making these discovery documents part of the public record of the case. The Expert Report contained salacious allegations regarding Abraham. In an April 2014 hearing, the circuit court stated that "[a]ny discovery to be filed with the Court will be done only by court order. There will not be any discovery filed with the clerk of the Court unless it is authorized by the Court." The circuit court further ruled from the bench that it planned "to enter an order sealing all discovery documents that have been filed in the court record." In July 2014, the circuit court entered a written agreed order sealing paragraph B.7 of the Expert Report. Smith agreed to this order and did not appeal it. In August 2014, Smith submitted a second expert report by Levine ("Supplemental Expert Report"). The substance of the Supplemental Expert Report was much the same as the original Expert Report, expanding on it, but the organization and formatting was somewhat different. In December 2014, Smith filed the Supplemental Expert Report in a chancery court commitment proceeding, in support of his motion to exclude the Attorney General. Shortly thereafter, Abraham filed a Motion for Contempt in the circuit court based on the

2

order sealing paragraph B.7. Abraham argued that filing the Supplemental Expert Report violated the court order, the Litigation Accountability Act, Rule 11, and/or Rule 37. In January 2015, Smith filed a complaint against Abraham with the Mississippi Bar and attached the Supplemental Expert Report. Abraham filed a Supplemental Motion for Contempt based on this action. At a hearing on the first contempt motion in January 2015, the circuit court stated that "you understand that filing a different document that says the same thing as the document that this Court sealed would still be a violation as far as I'm concerned of the order of this Court." The court further noted that "[i]f Mr. Levine went and rewrote the same document, just put another date on it and it was filed in another proceeding, then that still circumvents the order of this Court." At the same hearing, counsel for Smith noted that Rule 37 allows the court to sanction a party for not complying with discovery orders and stated "obviously your Honor has the discretion to enter sanctions if he wants to. I'm not suggesting you don't have the power to do that. But Rule 37 is certainly not the way to go . . . ." Counsel further stated "the Court certainly has discretion if the Court is inclined to sanction, and nobody would argue that you don't, but I think it's obvious that the filing was made in good faith for good cause." The court concluded that it wanted a summary of the Expert Report and the Supplemental Expert Report to determine if the sealed information had indeed been filed in other proceedings.

¶3. In October 2016, Abraham filed a Second Supplemental Motion for Contempt and Other Sanctions for additional public filings Smith made of the Supplemental Expert Report. After the January 2015 hearing, Smith publically filed the Supplemental Expert Report at

3

least five times: twice in filings in the same case in the United States District Court for the Southern District of Mississippi, once in a separate case in the Southern District, and twice in filings to this Court. The circuit court held a hearing on the Second Supplemental Motion for Contempt and Other Sanctions. The court ultimately determined that sanctions against Smith's attorney, Bell, were warranted under Rule 37. It asked Abraham's attorneys to email a fee bill for the amount spent pursuing the claims regarding the published sealed document. After they did so, the court gave Smith/Bell an opportunity to file any objections to the fee bill. Smith filed a document that challenged the substance of the court's ruling, but hardly addressed the fees themselves. The court then ordered that Bell pay Abraham's attorneys a total of $28,328.40.

¶4.    Bell appeal the sanction, arguing that 1) no Rule 37 order existed under which to award sanctions, 2) even if Rule 37 applied, it did not allow the court to order that sanctions be paid to lawyers, 3) the trial court should have struck the fee bill as "sham and false" pursuant to Rule 11, 4) the trial court failed to make findings of fact and conclusions of law under Rule 52(a), 5) the trial court should not have considered the fee bill submitted because it was emailed to the judge by a paralegal, which, Bell argues, amounts to the unauthorized practice of law, 6) no credible evidence supported the sanctions, 7) no evidence as to the reasonableness of the fees exists in the record, pursuant to Rule 1.5 of the Mississippi Rules of Professional Conduct, 8) parts of the record were unlawfully and illegally sealed, and 9) cumulative error and overall unfairness deprived Bell of due process.

## ANALYSIS

### 1.    Standard of Review

¶5.    This Court reviews the imposition of sanctions for an abuse of discretion. ***Barrett v. Jones, Funderburg, Sessums, Peterson & Lee, LLC***, 27 So. 3d 363, 369 (Miss. 2009). The Court first determines whether the trial court applied the correct legal standard. *Id.* If it did apply the correct standard, this Court considers whether the decision was one of several reasonable ones that could have been made. *Id.* at 370. This Court affirms the trial court's decision unless a "definite and firm conviction" exists that the trial court committed a clear error of judgment. *Id.* (internal quotations omitted).

### 2.    Whether Rule 37 applies.

¶6.    Smith and Bell argue that no discovery order existed by which to use Rule 37 as authority to sanction Bell. Rule 37(b) provides for sanctions for the violation of "an order to provide or permit discovery[.]" Miss. R. Civ. P. 37(b). It states that "the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorneys' fees, caused by the failure . . . ." *Id.* Additionally, Rule 37 provides the power to impose sanctions, including attorney's fees, if a party or counsel "otherwise abuses the discovery process in seeking, making or resisting discovery." Miss. R. Civ. P. 37(e). Rule 26(d) provides that, during the discovery process, courts may enter protective orders, including "any other order which justice requires to protect the party or witness from annoyance, embarrassment, oppression or undue burden or expense . . . ." Miss. R. Civ. P. 26(d)(9).

¶7.     During discovery, Smith filed discovery responses with the clerk of court.  In response, the trial court ordered a portion of those discovery responses sealed, and required that the parties seek permission of the court before publicly filing discovery documents.  The parties agreed to the order sealing the one paragraph of the document and neither party appealed that order.  The order sealing a portion of the Expert Report is a Rule 26(d) order, issued in the course of discovery to protect Abraham from embarrassment from the salacious allegations.

¶8.     The United States Court of Appeals for the Fifth Circuit has held that under the Federal Rules of Civil Procedure, Rule 37(b) sanctions may be imposed for the violation of Rule 26 protective orders.  ***Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.***, 685 F.3d 486 (5th Cir. 2012).  The protective order in that case, which involved confidential information, more broadly addressed how discovery regarding confidential information was to be conducted than did the narrow order in this case.  ***Id.*** at 489-90.  While the order in this case was not a broad order generally governing discovery, it was issued as a response to discovery issues, in the course of discovery, and can properly be deemed a discovery order for which Rule 37 sanctions are appropriate.  *See, e.g.*, ***Barnes v. Confidential Party***, 628 So. 2d 283 (Miss. 1993) (conflating a Rule 26 protective order and an order placing documents under seal when the order sealing the documents was done to protect a party from annoyance, embarrassment, and oppression).

¶9.     Even if Rule 37 did not apply, "[a] court has the inherent power to impose sanctions in order to protect the integrity of the judicial process."  ***Barrett***, 27 So. 3d at 370.  Bell

publicly filed sealed information multiple times, and the trial court had the authority to protect the integrity of the judicial process by requiring compliance with its order. Counsel for Bell even admitted at the hearing that the court had the authority to sanction Bell. He stated "And I don't know, obviously your Honor has the discretion to enter sanctions if he wants to. I'm not suggesting you don't have the power to do that. But Rule 37 is certainly not the way to go because what Mr. Bell filed over in chancery court wasn't a discovery pleading . . . ." And, he continued, "In sum, the Court certainly has discretion if the Court is inclined to sanction, and nobody would argue that you don't, but I think it's obvious that the filing was made in good faith for good cause."

¶10. Bell also argues that the trial court had no jurisdiction to "control" his filings in other courts. While this may be true, Bell could have made his filings without making the sealed information public. For example, he could have filed the document under seal in the other courts. In *Barnes*, Barnes filed a motion to compel in Mississippi and publicized documents subject to a sealing order issued by a Georgia court. *Barnes*, 628 So. 2d at 285. This Court noted that Barnes could have filed the documents under seal in the Mississippi court. *Id.* at 293. The Court then went so far as to state that "such documents probably *should* have been filed under seal, in accordance with the spirit and purpose of the Georgia court order sealing C.C.'s deposition." *Id.* (emphasis added). The Court noted that, while not absolutely bound by out of state court orders, the doctrine of comity requires that our courts generally recognize the validity of out of state decrees. *Id.* Similarly, Bell should have filed the

7

document under seal in the other venues;[1] if that court or agency then declined to recognize the trial court's order sealing the document, the other court or tribunal, not Bell, would have publicized the document. But as it stands, Bell, who was subject to the sealing order, publicized the document. The trial court did not abuse its discretion by sanctioning him for that behavior.

**3.**      ***Whether ordering sanctions be paid to the attorneys is appropriate.***

¶11.     Rule 37 provides that a sanctioned party may be ordered to "pay the reasonable expenses, *including attorney's fees*, caused by the failure . . . ." Miss. R. Civ. P. 37(b)(2) (emphasis added). Nothing in Rule 37 mandates that the expenses be paid only to the party and not to the attorney who incurred fees. Indeed, this Court has stated that the rules, including Rule 37(b), allow a court to "order the payment of money to a party *or an attorney*." ***Barrett***, 27 So. 3d at 370 (emphasis added).[2] If the attorneys incurred the "reasonable expenses" of attorneys' fees, then it is acceptable under the rules and this Court's precedent to order the fees paid directly to them under Rule 37.

**4.**      ***Whether the fee bill should have been struck pursuant to Rule 11.***

---

[1]*See **Ross v. Univ. of Tulsa***, 225 F. Supp. 3d 1254, 1263 (N.D. Okla. 2016) ("If a document is sealed in some places and not others, the attorney's safest course is to request permission to disclose.") ("[A]n attorney cannot unilaterally decide a record has been effectively unsealed because a Court discussed its contents in a public order.").

[2]The ***Barrett*** Court cited Rules 11(b), 37(b), 41(b), and 60(b). Rule 11 states that the court may order a party "to pay the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees." Miss. R. Civ. P. 11(b). Rules 41(b) and 60(b) deal with non-monetary sanctions.

¶12.    Smith and Bell argue that the fee bill should be struck as "sham and false" under Rule 11 because it is not signed. Rule 11 applies only to pleadings and motions. Miss. R. Civ. P. 11 ("Every pleading or motion of a party represented by an attorney shall be signed by at least one attorney of record . . . . If a pleading or motion is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false, and the action may proceed as though the pleading or motion had not been served."). The fee bill is clearly not a pleading or motion. *See* Miss. R. Civ. P. 7. It was essentially an exhibit in support of the motion for contempt and sanctions. This issue is without merit.

**5.      *Whether the trial court erred by failing to make Rule 52(a) findings.***

¶13.    Rule 52(a) provides that, "[i]n all actions tried upon the facts without a jury[,]" the court shall make findings of fact and conclusions of law. Miss. R. Civ. P. 52(a). Bell did indeed request that the trial court make Rule 52(a) findings of fact and conclusions of law. This Court need not address whether a finding of sanctions is an action tried upon the facts without a jury, because, even if it is, the trial court did not err in this case.

¶14.    A trial court is under no obligation under Rule 52(a) to make particularized findings of fact and conclusions of law; generalized findings of fact and conclusions of law, while not as helpful to appellate review, comply with the mandate of Rule 52(a) even when a party requests particularized findings. ***Century 21 Deep S. Props., Ltd. v. Corson***, 612 So. 2d 359, 367 (Miss. 1992). The trial court in this case issued a three-page ruling explaining the legal reasons for imposing sanctions, as well as the factual reasons for doing so. The case was not complex, but simply involved reviewing filings to determine whether Bell filed sealed

9

information publicly in other venues. The trial court complied with the rule by making generalized findings of fact and conclusions of law.

**6.** ***Whether a paralegal engaged in the unauthorized practice of law***.

¶15. Bell argues that the paralegal's email transmitting the fee bill to the judge amounted to the unauthorized practice of law; therefore, he argues, the fee bill should be stricken. Mississippi Code Section 73-3-55 criminalizes unlicensed law practice. Miss. Code Ann. § 73-3-55 (Rev. 2012). It provides that "[a]ny person who shall for fee or reward or promise, directly or indirectly, write or dictate any paper or instrument of writing, to be filed in any cause or proceeding pending, or to be instituted in any court in this state, or give any counsel or advise therein . . . shall be held to be engaged in the practice of law." *Id.* Bell hinges his argument on the wording in the paralegal's email that stated she was emailing the fee bills for the judge's "review and consideration" and then stated "Should you have any questions, or need anything further, please let me know." Bell has wholly failed to show how those statement amount to the practice of law, have anything to do with legal advice, or require any knowledge of law whatsoever. Moreover, the Mississippi Rules of Professional Conduct recognize that lawyers may delegate work to paraprofessionals. Miss. R. Prof'l Conduct 5.5 cmt. This issue is without merit.

**7.** ***Whether credible evidence supported the sanctions.***

¶16. Bell argues that, because Abraham did not introduce evidence pursuant to the Rules of Evidence, no evidence exists to support the sanctions. Abraham did, however, provide voluminous exhibits to show what Bell had filed in other venues. "Documents which are

10

made exhibits to motions are properly before the court for its consideration." ***Norton v. Norton***, 742 So. 2d 126, 129 (Miss. 1999).  This issue is without merit.

## 8.      *Reasonableness under Rule 1.5*

¶17.    Bell claims that the sanctions cannot stand because the court failed to make an explicit reasonableness determination under Rule 1.5 of the Mississippi Rules of Professional Conduct.  Bell does not, however, claim that the fees are actually unreasonable.  The Court of Appeals has held that, "in the case of an award for the purpose of sanctions, the recipient party need not show the ***McKee*** factors . . . since the nature of such an award is punitive in nature against the payor . . . ." ***Martin v. Martin***, 803 So. 2d 511, 513 (Miss. Ct. App. 2002).  Similarly, this Court finds that the trial court had no need to conduct a Rule 1.5 reasonableness analysis in this case; the award was for the purpose of the sanctions, and the sanctioned party does not allege that the fees were actually unreasonable nor give any reasons why the fees were unreasonable.

## 9.      *Whether the record was sealed unlawfully.*

¶18.    Smith agreed to the order sealing the portion of the Expert Report and did not timely appeal that order; he therefore waived this issue.  Even if it had not been not waived, Bell cites inapplicable cases.  He primarily relies on a case regarding the closure of criminal trials to the press.  ***Gannett River States Pub. Co. v. Hand***, 571 So. 2d 941 (Miss. 1990).  The issue was whether the accused's right to a fair trial is undermined by publicity, and thus overrides the First Amendment right of access.  This case is not criminal and has not been closed to the public.  Bell also cites a case from the Middle District of North Carolina that

11

addresses the right of public access to judicial records and documents. ***Hunter v. Town of Mocksville***, 961 F. Supp. 2d 803 (M.D.N.C. 2013). That case notes that "judicial records" are "documents filed with the court that play a role in the adjudicative process, or adjudicate substantive rights." ***Id.*** at 806 (internal quotations and alterations omitted). It noted that motions are judicial records because they seek to obtain judicial action or relief. ***Id.*** at 807. However, it noted that, arguably, no right of access applies to documents that the Court does not rely on to reach a decision. ***Id.*** Bell utterly fails to explain how a Notice of Experts and Expert Report, which are not required to be publicly filed, which he arbitrarily publicly filed, and which seek no relief or judicial action, would be judicial records to which the right of public access attaches. They are discovery documents, which have no independent right of public access. This issue is without merit.

**10.    *Whether cumulative error deprived Bell of due process*.**

¶19.    Finding no error in the trial court's decision, no cumulative error warrants reversing the sanctions.

**CONCLUSION**

¶20.    Because the trial court had the authority to sanction Bell and award attorneys' fees as a sanction, this Court affirms the award of sanctions against Bell.

¶21. **AFFIRMED.**

     **WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.    COLEMAN, J., NOT PARTICIPATING.**