458 So.2d 736 (1984)
Joe JACKSON
v.
Samuel C. BRUMFIELD and Isabelle Watkins, a Minor by Her Next Friend Ragland Watkins.
No. 54422.
Supreme Court of Mississippi.
October 31, 1984.
*737 Alfred Lee Felder, McComb, for appellant.
T. Michael Austin, Robert W. Brumfield, Brumfield & Austin, McComb, for appellee.
Before WALKER and ROY NOBLE LEE, P.JJ., and PRATHER, J.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Pike County, Mississippi, wherein judgment of $20,078.64 entered in favor of appellant, Joe Jackson, is alleged to be inadequate compensation for injuries he sustained in an automobile-truck collision. There was no question of liability, the appellee, Sammy Brumfield, admitted his failure to observe a stop sign at the intersection of Magee Road and the Robb Street Extension in Pike County resulting in the collision which caused Jackson's injuries.

I.

THE COURT ERRED IN EXCLUDING DRUG BILLS OFFERED UNDER SECTION 41-9-119
Mississippi Code Annotated section 41-9-119 (1972) provides:
Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable.
When a party takes the witness stand and exhibits bills for examination by the court and testifies that said bills were incurred as a result of the injuries complained of, they become prima facie evidence that the bills so paid or incurred were necessary and reasonable. However, the opposing party may, if desired, rebut the necessity and reasonableness of the bills by proper evidence. The ultimate question is then for the jury to determine.
If the bills are for drugs and/or medication purchased, they should be itemized to show the name of the drug and/or medication, the date of the purchase and the prescription number where appropriate.
If the bills are for hospital care they should show a fair itemization of the services rendered and charges made.
If the bills are for physician care they should represent a fair itemization of services rendered and charges made.
As this matter requires reversal for trial on damages, the bills introduced on retrial should conform to the above requirements.
Modern-day jurors, by and large, are enlightened and well educated. They have a right to know what services and/or goods were provided for the charges made. This can serve as an aid in their deliberations with respect to the seriousness and extent of the injuries complained of.

*738 II.

THE COURT ERRED IN GRANTING DEFENDANT INSTRUCTION D-3
Instruction D-3 reads:
The court instructs the jury that under the law the Defendants cannot introduce as a witness any doctor to testify to anything learned by him about the Plaintiff's physical condition while the relation of physician and patient existed between him and the Plaintiff, but the failure of the Plaintiff to call as a witness one of his physicians would justify you in inferring that his testimony would have been unfavorable to the Plaintiff.
In cases involving personal injuries where a plaintiff has, during pretrial discovery, expressly refused to waive the medical privilege as provided for under Mississippi Code Annotated section 13-1-21 (Supp. 1983), it shall not be necessary for the defendant to subpoena such physician or physicians for trial in order to request an instruction stating that the treating physicians not called as witnesses by the plaintiff would justify an inference that their testimony would have been unfavorable. Where, however, the plaintiff expressly makes known to the defendant that the physician-patient privilege is being waived, the defendant may not claim the benefit of said instruction.[1]
The record before us does not disclose that the privilege was waived prior to trial or during trial, as alleged by appellant, therefore the appellee was entitled to Instruction D-3.
It would be vain and unnecessarily burdensome, as noted by the trial judge, to require a party to subpoena physicians to court when the plaintiff has already invoked the physician-patient privilege.
The question of whether a physician will be permitted to testify should be decided in advance of trial so that the wasting of a physician's time as well as additional expense will not be incurred.

III.

THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WAS SO INADEQUATE AS TO EVINCE BIAS, PASSION AND PREJUDICE ON THE PART OF THE JURY
As a result of the accident, the appellant received cuts and abrasions to his body, a pinched nerve on the side of his nose, the loss of six permanent lower front teeth, torn ligaments in his knee as well as a cut lip and chin.
Mr. Jackson has had plastic surgery on his bottom lip and chin. A vertical residual scar remains in the center of his lip and chin on the inside as well as on the outside. He has lost the sensation of feeling in both bottom lip and chin.
When eating Mr. Jackson has a tendency to slobber and someone will normally point out that food is running down his chin making it not only difficult to eat juicy type foods such as cereal and butter beans but is also embarrassing to him. The numbness in his chin and lip has affected his ability to kiss his wife. Because of the lack of feeling in this area of his face, he often bites his lip while eating.
Mr. Jackson has also undergone surgery on his knee. The medial collateral ligament, posterior cruciate ligament and the capsule behind one knee were torn. Mr. Jackson was in surgery for one and one-half hours at which time numerous drill holes were made in his knee with an electric air drill. The ligaments were attached to the bones by suturing and stapling. Mr. Jackson was placed on pain medication as well as muscle relaxants and medicine for inflammation.
Following surgery Mr. Jackson was in a long-leg cast for a period of six weeks. After the cast was removed and he began physical therapy sessions  thirty-five in all. He has a twenty percent partial permanent disability to the leg.
*739 Mr. Jackson is a brick mason and due to the stiffness in his knee he has difficulty working. His knee no longer bends as far as it did in the past which has affected his ability to work on scaffolds. The top part of his knee is numb and he has difficulty knowing when he has scratched this portion of his leg or when he has knelt down on a nail. He can no longer do pave bricking, i.e., laying a brick porch floor. He tires easily and his knee continues to cause him pain.
Prior to the accident he played softball but is now unable to do so. His hunting has been affected as he can no longer climb and is unsure of his footing. He also has trouble when fishing as it is difficult for him to get in and out of a boat. He no longer is able to work in the garden or do yard work and his wife has taken over this duty.
In a case where a plaintiff undergoes extensive surgery, remains off work approximately six months and has total medical expenses of about $8,000 and lost wages of about $7,000 and who will not be able to perform in his profession or social life as he did prior to the injuries as outlined above, a jury verdict of $20,000[2], which includes only $5,000, approximately, for pain and suffering as well as mental anguish is so inadequate as to evince bias, passion and prejudice on the part of the jury.
We are of the opinion the verdict in this case represents a lack of responsiveness to the evidence by the jury, and therefore must be reversed and remanded for a trial on damages only.
We find appellant's remaining contention to be without merit.
REVERSED AND REMANDED FOR TRIAL ON DAMAGES.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
DAN M. LEE, J., concurs in result only.
NOTES
[1] When waiver of the physician-patient relationship was not at issue during pretrial discovery nor invoked prior to trial, the defendant has a right to subpoena an attending physician and place him on the stand. If objection is then entered by plaintiff premised on the physician-patient privilege, the defendant is then entitled to an instruction as was granted in D-3. See Reid v. Middleton, 241 Miss. 324, 130 So.2d 554 (1961).
[2] The court granted an additur of $78.64 to the jury verdict of $20,000.00.