PRATHER, Justice,
specially concurring:
I concur with the majority opinion with the exception of the statement that summary judgment practice under M.R.C.P. Rule 56 is inapplicable in contests of probated claims in administration of estates.
The intent for adoption of M.R.C.P. 81(b) was to maintain the statutory procedures for summary type disposition of most proceedings in probate practice under Title 91 of Mississippi Code of 1972. The rule so states, as the majority opinion acknowledges, that the statutory procedures shall remain in effect and control to the extent that they are in conflict with the rules; otherwise the rules apply. William Hughes Moore v. Mary Elizabeth McDaniel Moore, 451 So.2d 226 (Miss.1984).
Miss Code Ann. § 91-7-149 and § 91-7-165 provide the statutory directions for probating a claim against an estate, and Rule 81 provides that these statutes are to be followed, as was done in this case. If that claim becomes contested and an adversarial posture assumed, I see no conflict between these statutes which pertain to filing a claim and the M.R.C.P. which pertain to trial procedure of the claim. Nor do I see any distinction in permitting discovery to be used in a contested probated claim and not permitting a motion for summary judgment. Rule 56 purports to expedite contested claims or defenses without the necessity of a full trial. After the statutes are followed in filing a claim, the court and parties follow the M.R.C.P. for trial procedure without statutory conflict.
The conflict which the majority states exists is Miss.Code Ann. § 41-9-119, from Title 41, Public Health. This statute states that proof which is sufficient to establish prime facie evidence of the reasonableness and necessity of medical, hospital, and doctor bills. I see no conflict with applying this statute to the affidavits attached to motions for summary judgment. Jackson v. Brumfield, 458 So.2d 736 (Miss.1984) and Stratton v. Webb, 513 So.2d 587 (Miss. 1987) are relied upon as supportive of the fact that a party is entitled to take the stand and testify; these cases, however, *673 are personal injury actions in circuit court and do not preclude the application of summary disposition there.
In the alternative, if the majority view of this Court is that M.R.C.P. 56 Summary Judgment is not applicable to a contest in a probated claim, I would suggest that the exclusion of Rule 56 apply only to those claims where Miss.Code Ann. § 41-9-119 applies, i.e. claims for medical, hospital, and doctor bills. Not all probated claims relate to medical expenses, and this holding should not preclude summary disposition to other type claims. I submit that the statement that summary judgment practice does not apply generally to contests of probated claims is too broad. I would limit the application to medical, hospital, , and doctor bills where § 41-9-119 applies as an alternative holding.
I concur in the result reached by the majority, for supporting affidavits were not filed with the motion for Summary Judgment, but disagree with the noted language that M.R.C.P. Rule 56 is inapplicable in contests of probated claims.
I concur in the result reached by the majority, but disagree with the noted language and general application to all contested probated claims.
ROBERTSON, J., joins this opinion.