593 So.2d 1014 (1992)
In re Dr. Benjamin L. CRAWFORD, III, Dr. E.J. Price, Jr., Dr. Ledon Langston and Dr. David R. Hubbs d/b/a Southwest Clinic for Women
v.
Willie Mae WALL, as Administratrix on Behalf of the ESTATE of Lisa S. Franks, Deceased, and on Behalf of Willie Mae Wall, Individually, Delilah Brown, Melanie McEwen and Demetrius Brown.
No. 91-M-0100.
Supreme Court of Mississippi.
January 22, 1992.
*1015 Jimmie B. Reynolds, Jr., Steen Reynolds Dalehite & Currie, Jackson, for petitioners.
En Banc.

ON PETITION FOR REHEARING ON SANCTIONS
McRAE, Justice, for the Court:
This matter has been before us on several motions and the Court has handled them without publication. Today, we publicize on the Petition for Rehearing on sanctions, filed by Jimmie B. Reynolds, Jr.
This case involves a medical negligence case in which discovery was requested from the defendants, Drs. Benjamin L. Crawford, III, E.J. Price, Jr., Ledon Langston, and David Hubbs, D/B/A Southwest Clinic for Women. The discovery requests initially asked for disclosure of any criticism made by any of the physicians among each other concerning the treatment of the plaintiff prior to the claim having been made, a list of laparoscopic procedures performed by the defendant physicians by patient number, dates and types of procedures, along with certain equipment used, and sought answers to approximately three interrogatories. After a ruling requiring the defendants to produce the requested discovery material, Jimmie B. Reynolds, Jr., the attorney for appellants, Drs. Crawford, Price, Langston and Hubbs, filed a petition for interlocutory appeal pursuant to Miss.Sup.Ct. Rule 5, alleging that irreparable harm would occur if the documents and answers were turned over. The petition also included a request that this Court stay the imposition of sanctions for failure to comply with the trial court's discovery order pending interlocutory appeal. The stay was denied on January 25, 1991, by Presiding Justice Hawkins, and later the petition for interlocutory appeal was denied and a $300.00 sanction was imposed by a three-judge panel for filing and continuing a frivolous interlocutory appeal. The Petition for Rehearing, not raising any substantive matter, is hereby denied.
At a hearing held on January 15, 1991, the trial court ruled that the defendants were required to produce certain information by January 31, 1991, or be subject to sanctions in the amount of $100.00 per day until the materials and/or information were produced. During the hearing, the defendants' attorney asked the court's permission to "take an interlocutory appeal to the Supreme Court." In response, the trial judge said, "You can take an interlocutory appeal to the Supreme Court if you care to." The record before us contains no order certifying or refusing to certify that "a *1016 substantial basis exists for difference of opinion on a question of law" as required by Miss.Sup.Ct. Rule 5.
At no time did the attorney meet the requirements of Miss.Sup.Ct.Rule 5 of obtaining a trial court order certifying or denying certification of a question of law for interlocutory appeal, nor did he ever seek an amended order.
On January 25, 1991, the defendant physicians filed here a motion to stay the January 15 ruling of the trial court. This Court denied that motion. On January 25, 1991, the physicians also filed a petition for interlocutory appeal by permission of this Court pursuant to Miss.Sup.Ct.Rule 5. On May 15, 1991, this Court denied the petition for interlocutory appeal and entered an order directing the defendants' attorney to show cause why he should not be sanctioned pursuant to Miss.Sup.Ct.Rule 46(d) for filing an apparently frivolous petition. In his response to the show cause order, the attorney for the physicians defended the filing of the petition for interlocutory appeal on the grounds that: (1) certain of the requested material was privileged; and (2) certain materials were irrelevant and the order was thus abusive and "ridiculous." His objection notwithstanding, the response showed that the physicians' attorney had produced the ordered information and documents on January 31, 1991.
Neither in his petition for interlocutory appeal nor in his response to the show cause order did the attorney for the petitioners present us with a question of law which meets the requirements of Miss.Sup. Ct.Rule 5 that:
[A] substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:
(1) Materially advanced the termination of the litigation and avoid exceptional expense to the parties; or
(2) Protect a party from substantial and irreparable injury; or
(3) Resolve an issue of general importance in the administration of justice.
The scope of discovery is governed by MRCP 26(b) which provides that:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party. The discovery may include the existence, description, nature, custody, condition and location of any books, documents, or other tangible things; and of the identity and location of persons (i) having a knowledge of any discoverable matter or (ii) who may be called as witnesses at the trial; and the oral testimony of witnesses. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
After hearing argument of counsel, the trial court ruled that the matters being sought in discovery were not privileged and were relevant. The information which the defendants' attorney claims were privileged and therefore not subject to discovery included:
(1) A list (with patients' names redacted) of all laparoscopic procedures performed by the defendant physicians by patient number, date, and type of procedure, from the date that certain new equipment was purchased through the date of the plaintiff's surgery.
(2) Disclosure of any criticism made by the defendant physicians against each other concerning the care and treatment of the plaintiff prior to a claim having been made against them.
The physicians' attorney claims that the list of laparoscopic procedures was privileged (presumably under the doctor-patient privilege even though the patients' names were to be deleted). He also claims that any criticism by one of the physicians against another was privileged by reason of the fact that any such comments would have been made pursuant to their partnership. As to the list of laparoscopic procedures performed by the defendant doctors using certain new equipment, nothing sought by the plaintiff was protected by Miss. Rule of Evidence 503 which governs physician-patient privilege. That rule allows a patient a privilege to prevent disclosure *1017 of "(A) knowledge derived by a physician ... by virtue of his professional relationship with the patient, or (B) confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition... ." There was no showing that the information sought in the case sub judice was covered by the doctor-patient privilege. As for the material which is claimed to be confidential by virtue of the defendants' partnership, the attorney for the defendants cites no authority for the existence of such a privilege and the Miss. Rules of Evidence contain no reference to any such privilege.
We think this discussion of privilege is sufficient to show that the filing of the petition for interlocutory appeal was not in compliance with the requirements of Miss.Sup.Ct.Rule 5. The petition did not present a question of law as to which there existed a substantial basis for a difference of opinion. Instead, the petition sought this Court's review of a trial court's application of law to the specific facts of the case by way of a petition for interlocutory appeal which was totally devoid of any legal authority for challenging the trial court's application of MRCP 26 to the particular items sought through discovery.
Even if the attorney for the defendants had made a case that his initial petition was not frivolous, and we do not think he did so, his allowing the petition to stand before the court after he had complied with the trial court's order to produce discovery material resulted in an unnecessary and burdensome use of judicial resources expended on a matter which the attorney had himself rendered moot.
As a general rule, this Court has declared that it "is not about to become involved in the wholesale granting of interlocutory appeals of civil discovery disputes. Pre-trial discovery is governed by flexible rules well within the administrative capacity of our trial courts." In re Knapp, 536 So.2d 1330, 1333 (Miss. 1988); Mississippi State Bar v. Attorney L, 511 So.2d 119, 121 (Miss. 1987) ("Rarely will we entertain an interlocutory appeal regarding a discovery matter").
Because it is well settled that discovery matters are governed by Miss. Rules of Civil Procedure flexibly applied in the discretion of the trial court and because this Court does not find discovery disputes to be appropriate for interlocutory review unless there is a showing of a substantial question of privilege, In re Knapp, 536 So.2d 1330 (Miss. 1988), and because the defendants' attorney, by his own action, rendered moot the issues presented by the petition, we hold that Jimmie B. Reynolds, Jr. is subject to discipline by this Court pursuant to Miss.Sup.Ct.Rule 46(d) and the sanction in the amount of three hundred dollars ($300.00) was proper. The Petition for Rehearing is denied and all costs of this appeal are assessed against the attorney.
PETITION FOR REHEARING DENIED; COSTS ASSESSED AGAINST ATTORNEY JIMMIE B. REYNOLDS, JR.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN and BANKS, JJ., concur.
ROY NOBLE LEE, C.J., and PITTMAN, J., dissent without written opinion.
ROBERTSON, J., not participating.