# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-01121-SCT

***ESTATE OF BRANDON BOLDEN, BY AND
THROUGH MARILYN BOLDEN,
ADMINISTRATRIX***

***v.***

***CEDRIC WILLIAMS AND AUTOZONE
MISSISSIPPI, INC.***

| | |
|---|---|
| DATE OF JUDGMENT: | 06/01/2007 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | GARY D. THRASH |
| | JOHN N. SATCHER, II |
| ATTORNEYS FOR APPELLEES: | KEITH D. OBERT |
| | WILLIAM F. BROWN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 06/18/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This is a personal-injury suit in which the trial court struck the plaintiff's expert designations and medical bills incurred after the date of the injury.  The jury reached a verdict which was unacceptable to the plaintiff, and the plaintiff presents us two issues on appeal:  (1) whether a party may properly respond to a Rule 26(b)(4) expert-discovery request simply by referring the requesting party to a source (such as the medical records) to obtain the requested information, and (2) whether a plaintiff's testimony that medical bills were incurred as a result of injuries sustained in the accident at issue establishes prima facie

evidence that such bills were necessary and reasonable. Finding the second issue dispositive, we reverse and remand.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.    On December 20, 2002, Brandon Bolden suffered injuries after being struck by a vehicle as he attempted to cross Mill Street in Jackson. The vehicle was driven by Cedric Williams, operating in the course and scope of his employment with AutoZone Mississippi, Inc.

¶3.    Bolden filed suit against Williams and AutoZone. The defendants filed discovery, including a request[1] that Bolden identify expert witnesses and provide "their qualifications, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, [and] a summary of the grounds for each such opinion . . . ." Bolden responded that he had not yet decided whom to call as an expert, but stated that "[e]ach . . . physician would be expected to testify consistent with his reports, and a copy of such reports in [Bolden's] possession has been filed herein." In his subsequent designation and supplemental designation of expert witnesses, Bolden provided the identities and curriculam vita of his experts, but maintained that their opinions were set forth in the medical summaries that previously had been provided to the defendants.[2]

_____

[1]*See* Miss. R. Civ. P. 26(b)(4).

[2]Bolden did not, however, address the substance of facts or a summary of the grounds for each opinion. Additionally, Williams disputes that all medical summaries had been provided.

2

¶4. Arguing that Bolden's discovery responses were inadequate, the defendants moved the court to strike Bolden's expert designations. Bolden countered that, if the trial court struck his expert designations, it should also strike the defendants' expert designations for their failure to comply with Rule 26(b)(4).

¶5. The trial court granted both parties' motions to strike the other's expert designations for failure to comply with Rule 26(b)(4).[3] The case proceeded to trial, in which Bolden claimed $16,505 in past medical expenses, $2,328 of which were incurred on the date of the accident. Over the defendants' objections, Bolden's medical bills were admitted into evidence.

¶6. After the defendants rested, they renewed their motion for directed verdict, arguing that Bolden had failed to establish a causal connection between the accident and the medical bills. The trial court granted the motion in part, striking Bolden's medical bills incurred after the date of the accident.

¶7. After the jury found Bolden sixty percent at fault, and the defendants forty percent at fault, the court entered a final judgment awarding Bolden damages of $236, after reduction for his apportionment of fault. Following entry of judgment, Bolden died, and his estate – which was substituted as the plaintiff – now appeals.

---

[3] The trial court also granted the defendants' motion for partial summary judgment, finding that Bolden was negligent as a matter of law.

**DISCUSSION**

¶8.     The plaintiff raises two assignments of error: (1) whether the trial court erred in striking the plaintiff's expert designations,[4] and (2) whether the trial court erred in striking Bolden's medical bills, which previously had been entered into evidence. Because we find the second issue requires a new trial, we discuss it first.

*The medical bills.*

¶9.     At trial, the defendants argued that Bolden did not establish a prima facie case. Defendants' claim was that no causal relationship had been established between the medical bills marked as Exhibits 3-10 and the accident at issue, because no expert had testified as to a causal connection. However, Bolden testified that he was in good health before the accident and that each of the medical bills was incurred as a direct and proximate result of seeking treatment for the injuries he sustained in the collision. The trial court, persuaded by the argument of the defendants, struck the medical bills.

¶10.    Mississippi Code Section 41-9-119 clearly states, "Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable." Mississippi Code Ann. § 41-9-119 (Rev. 2008). This Court has held, "When a party takes the witness stand and exhibits bills for examination by the court and testifies that said bills were incurred

_____

    [4]  We note that in its "Statement of the Issues," the plaintiff assigns error only to the trial court's exclusion of its experts. But in its discussion of the issues, the plaintiff argues that the trial court erred in striking both parties' expert designations.

4

as a result of the injuries complained of, they become prima facie evidence that the bills so paid or incurred were necessary and reasonable." ***Jackson v. Brumfield,*** 458 So. 2d 736, 737 (Miss. 1984). The opposing party may then "rebut the necessity and reasonableness of the bills by proper evidence," if desired. ***Id.*** If the opposing party rebuts the medical bills through proper evidence, the question is ultimately one for the jury. ***Id.*** Furthermore, based on its holding in ***Jackson***, this Court has held it is reversible error not to allow disputed medical bills to be submitted to the jury, when testimony has been given that such bills are part of the medical expenses incurred due to the injury at issue. ***Moody v. RPM Pizza***, 659 So. 2d 877, 885-886 (Miss. 1995).

¶11. Based on Bolden's unrebutted testimony regarding the injuries sustained and medical bills incurred as a direct and proximate result of such injury, Mississippi Code Section 41-9-119, and this Court's precedent, we find that striking the medical bills labeled Exhibits 3-10 was reversible error. These bills instead should have been submitted to the jury for the jury's determination as to whether a causal connection existed between the accident and the medical bills. Therefore, this case must be reversed and remanded.

*Expert testimony.*

¶12. Although we find the second issue raised to be dispositive, we also find it prudent to provide some guidance to the trial court and the parties with respect to the remand. Initially, we will address the defendants' contention that, because the plaintiff failed to proffer its experts' testimony and failed to include the trial transcript in the record, it did not preserve for appeal the issue of whether the trial court erred in striking its experts. We disagree.

5

¶13. The purpose of requiring a proffer of the substance of excluded testimony is to enable a reviewing court to determine whether the testimony was material, and whether its exclusion affected a substantial right. *See Harris v. Shields*, 568 So. 2d 269, 272 (Miss. 1990). Here, because of a purported discovery violation, the trial court struck the plaintiff's experts themselves and not their testimony. Neither the experts' qualifications nor the substance of their testimony (had they been called) was in question. We have no need of a proffer of the substance of their testimony to review the trial court's decision.

¶14. We now address the defendants' contention that the trial court properly struck the plaintiff's experts. A trial court has considerable discretion regarding discovery matters. *Dawkins v. Redd Pest Control Co.*, 607 So. 2d 1232, 1235 (Miss. 1992). Our standard of review of sanctions for discovery violations is whether the trial court abused its discretion. *Caracci v. Int'l Paper Co.*, 699 So. 2d 546, 556 (Miss. 1997) (quoting *Barnes v. Confidential Party*, 628 So. 2d 283, 291 (Miss. 1993)). We will affirm "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." *Caracci*, 699 So. 2d at 556 (quoting *Barnes*, 628 So. 2d at 291). Exclusion of evidence for a discovery violation is an extreme measure, and lower courts should exercise caution before doing so, because our courts are "courts of justice [and] not of form." *See Caracci*, 699 So. 2d at 556 (quoting *Clark v. Miss. Power Co.*, 372 So. 2d 1077, 1078 (Miss. 1979)); *Miss. Power & Light Co. v. Lumpkin*, 725 So. 2d 721, 734 (Miss. 1998) (citing *McCollum v. Franklin*, 608 So. 2d 692 (Miss. 1992) (overruled on other grounds)).

6

¶15.    Bearing in mind this deferential standard of review and the fact that this case is being remanded for a new trial, we choose not to address whether the trial court erred in excluding the plaintiff's experts.  Instead, we direct that, on remand, the parties shall be allowed to supplement their discovery responses with respect to expert witnesses.  Any other discovery shall be conducted only by order of the trial court.[5]  Additionally, the parties should be mindful of their continuing duty seasonably to supplement discovery responses. Miss. R. Civ. P. 26 (f).

¶16.    In this case, the defendants claim the plaintiff was without authority to provide expert opinions and other expert information by reference to collateral documents, such as medical records.  The trial court agreed and struck the plaintiff's experts.  Because we reverse this case on other grounds, we decline to address the issue of whether the plaintiff's method of responding to the defendant's expert interrogatories was acceptable.  We do state however, that, under the particular facts of this case, the plaintiff may avoid the risk of an adverse ruling on the issue by simply providing, within a reasonable time, specific written responses which do not require the defendant to refer to the medical records or other collateral documents.

---

[5]Upon remand of a case for a new trial – absent a directive from this Court to the contrary – the decision of whether to reopen discovery and other pretrial matters in a case is left squarely within the sound discretion of the trial court, and the trial court's decision, absent an abuse of that discretion, will not be disturbed. ***Banks v. Hill***, 978 So. 2d 663, 665 (Miss. 2008).  *See also* ***Scoggins v. Baptist Mem'l. Hosp.-Desoto***, 967 So. 2d 646, 648 (Miss. 2007).

**CONCLUSION**

¶17.	According to the testimony, the medical bills at issue were incurred due to the injury at issue. Therefore, the trial court committed reversible error by refusing to allow them to be submitted to the jury. Accordingly, we reverse and remand for a new trial, with directions that the parties shall be allowed – within a time set by the trial court – to supplement their discovery responses with respect to expert witnesses.

¶18.	**REVERSED AND REMANDED**.

**CARLSON, P.J., RANDOLPH, LAMAR AND CHANDLER, JJ., CONCUR. KITCHENS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J., CHANDLER AND PIERCE, JJ. GRAVES, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED IN PART BY KITCHENS, CHANDLER AND PIERCE, JJ. WALLER, C.J., NOT PARTICIPATING.**

**KITCHENS, JUSTICE, CONCURRING:**

¶19.	I write separately to avoid any confusion made possible by my votes in this case. I agree with the majority's conclusion that the trial judge's decision to exclude certain medical bills, namely Exhibits 3-10, was an abuse of discretion, and that identification of that reversible error disposes of this case.

¶20.	To the extent that Justice Graves disagrees, I respectfully part company with him. However, I agree with the bulk of his opinion, in that he finds that the defense was obligated to pursue a motion to compel under Rule 37 of the Mississippi Rules of Civil Procedure rather than asking the trial judge to strike the plaintiff's expert witnesses for failure to comply with Rule 26. If the error identified by the majority did not dispose of this case, then I would

8

agree with Justice Graves that the trial court's decision to strike expert witnesses without first considering a motion to compel would require reversal.

¶21. However, because the error addressed by the majority, standing alone, warrants reversal, I join Justice Graves's opinion only in part.

**CARLSON, P.J., CHANDLER AND PIERCE, JJ., JOIN THIS OPINION.**

**GRAVES, PRESIDING JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶22. The majority resolves this appeal by deciding only the second issue raised by Bolden's estate because it deems this issue dispositive of the appeal. As a practical matter, I do not agree that the second issue is dispositive. Therefore, I am compelled to write separately.

¶23. The majority states that "we choose not to address whether the trial court erred in excluding the plaintiff's experts." The majority further states that "[i]nstead, we direct that, upon remand, the parties shall be allowed to supplement their discovery responses with respect to expert witnesses." This directive is tantamount to a finding that the discovery responses in question are deficient and, accordingly, must be supplemented. However, in making this finding and reaching its conclusion, the majority ignores the fact that, if a party believes that an opponent's discovery responses are deficient, the appropriate vehicle through which that party may seek relief is a motion to compel. *See* Miss. R. Civ. P. 37.

¶24. The defendants in this case did not file a motion to compel. Instead, the defendants filed a motion to strike Bolden's expert designations for failure to comply with Rule 26(b)(4). The defendants argued that Bolden had "not provided 'the subject matter on which the expert

9

is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.'" *See* Miss. R. Civ. P. 26(b)(4)(A)(i). Bolden filed a response in which he stated that the medical experts designated were Bolden's treating physicians and that they had not provided expert opinions beyond those reflected in Bolden's medical records. Bolden maintained that he had complied with Rule 26(b)(4) and further argued that if the trial court decided to strike his expert designations, then the trial court should also strike the defendants' expert designations[6] because the defendants' experts had not examined Bolden or produced any medical records, reports, opinions, or curricula vitae. The trial court decided to strike both parties' expert designations for failure to comply with Rule 26(b)(4). The trial court did not elaborate any further on its rationale for its decision to strike the expert designations.

¶25. Mississippi Rule of Civil Procedure 37 sets out the proper procedure to follow when a party finds that another party's discovery response is inadequate. The party dissatisfied with the discovery response may file a motion to compel with the trial court. Miss. R. Civ. P. 37(a)(2). If the trial court decides to grant the motion to compel and the party whose conduct necessitated the motion fails to comply with the court's order, then the trial court may determine what sanctions, if any, are just and appropriate. Miss. R. Civ. P. 37(b)(2). The comment to Rule 37 states, in relevant part:

---

[6] It appears from the record that the defendants never actually designated any experts. When the defendants moved to strike Bolden's experts, they also requested an extension of time to designate defense experts.

10

> The statutory rule requires that each failure to respond to a discovery request be dealt with by a separate motion; the successful result to the first motion is usually an order to comply with the discovery request. Sanctions customarily are not imposed until after there has been a refusal to comply with a second order.

Miss. R. Civ. P. 37 cmt. This Court has held that Rule 37 details the proper procedure for obtaining satisfactory discovery responses. *See, e.g.*, *Caracci v. Int'l Paper Co.*, 699 So. 2d 546, 557 (Miss. 1997); *Ford Motor Co. v. Tennin*, 960 So. 2d 379, 393 (Miss. 2007). In *Caracci*, this Court stated:

> Under our rules of civil procedure, failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery. *See* M.R.C.P. 37(a)(2). The remedy for failing to comply with the discovery requests when the trial court grants an order to compel falls under M.R.C.P. 37(a)(4) in the form of awarding the moving party the expenses for such motion. *See* M.R.C.P. 37; *January v. Barnes*, 621 So. 2d 915, 922 (Miss. 1992). After such an order to compel has been granted under M.R.C.P. 37(a)(2), and the party ordered to answer fails to respond, then the remedy may be sanctions in accordance with M.R.C.P. 37(b). *See* 8 Wright & Miller, Federal Practice and Procedure: Civil § 2050 (1970).

*Caracci*, 699 So. 2d at 557. The defendants in *Caracci* waited until trial to object to the plaintiff's discovery violations and asked the trial court to deny expert testimony as a sanction. *Id.* This Court stated that the defendant "was required to ask the circuit court to compel Caracci [i.e., the plaintiff] to comply with discovery requests." *Id.* This Court went on to find that the trial court abused its discretion by granting the defendant's request to exclude the testimony because the sanction was overly harsh. *Id.* at 558-59.

¶26. As in *Caracci*, the procedure set out in Rule 37 was not followed in this case. Instead of filing a motion to compel an adequate response to their interrogatory seeking information

11

regarding Bolden's experts, the defendants filed a motion to strike Bolden's expert designations, presumably as a sanction for Bolden's failure to provide discovery responses to the defendants' satisfaction. Bolden then filed a response, in which he asked that the trial court strike the defendants' expert designations if it chose to strike his expert designations. The trial court decided to strike both parties' expert designations without first ordering either party to comply with the other parties' discovery requests. This Court reviews a trial court's decision regarding sanctions for discovery violations for an abuse of discretion. *See, e.g.*, ***Jones v. Jones***, 995 So. 2d 706, 711 (Miss. 2008) (citing ***Tinnon v. Martin***, 716 So. 2d 604, 611 (Miss. 1998)). The trial court abused its discretion by failing to follow the proper procedures set out in Rule 37.

¶27. Because the trial court did not follow the proper procedures regarding discovery-related sanctions set out in Rule 37, findings four and five of the trial court's Order Granting and/or Denying the Parties' Various Motions, dated April 27, 2007, granting both parties' motions to strike, should be vacated. Upon remand, I would order that discovery be reopened and that, if the defendant maintains that the discovery response is deficient, then the defendant shall file a motion to compel. Further, if the defendant wishes to designate experts, then it may.

**KITCHENS, CHANDLER AND PIERCE, JJ., JOIN THIS OPINION IN PART.**