DICKINSON, Justice,
for the Court.
¶ 1. This is a personal-injury suit in which the trial court struck the plaintiffs expert designations and medical bills incurred after the date of the injury. The jury reached a verdict which was unacceptable to the plaintiff, and the plaintiff presents us two issues on appeal: (1) whether a party may properly respond to a Rule 26(b)(4) expert-discovery request simply by referring the requesting party to a source (such as the medical records) to obtain the requested information, and (2) whether a plaintiffs testimony that medical bills were incurred as a result of injuries sustained in the accident at issue establishes prima facie evidence that such bills were necessary and reasonable. Finding the second issue dispositive, we reverse and remand.
BACKGROUND FACTS AND PROCEEDINGS
¶2. On December 20, 2002, Brandon Bolden suffered injuries after being struck by a vehicle as he attempted to cross Mill Street in Jackson. The vehicle was driven by Cedric Williams, operating in the course and scope of his employment with AutoZone Mississippi, Inc.
¶ 3. Bolden filed suit against Williams and AutoZone. The defendants filed discovery, including a request[1] that Bolden identify expert witnesses and provide “their qualifications, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, [and] a summary of the grounds for each such opinion.... ” Bolden responded that he had not yet decided whom to call as an expert, but stated that “[e]ach ... physician would be expected to testify consistent with his reports, and a copy of such reports in [Bolden’s] possession has been filed herein.” In his subsequent designation and supplemental designation of expert witnesses, Bolden provided the *1071 identities and curriculam vita of his experts, but maintained that their opinions were set forth in the medical summaries that previously had been provided to the defendants.[2]
¶ 4. Arguing that Bolden’s discovery responses were inadequate, the defendants moved the court to strike Bolden’s expert designations. Bolden countered that, if the trial court struck his expert designations, it should also strike the defendants’ expert designations for their failure to comply with Rule 26(b)(4).
¶ 5. The trial court granted both parties’ motions to strike the other’s expert designations for failure to comply with Rule 26(b)(4).[3] The case proceeded to trial, in which Bolden claimed $16,505 in past medical expenses, $2,328 of which were incurred on the date of the accident. Over the defendants’ objections, Bolden’s medical bills were admitted into evidence.
¶ 6. After the defendants rested, they renewed their motion for directed verdict, arguing that Bolden had failed to establish a causal connection between the accident and the medical bills. The trial court granted the motion in part, striking Bol-den’s medical bills incurred after the date of the accident.
¶ 7. After the jury found Bolden sixty percent at fault, and the defendants forty percent at fault, the court entered a final judgment awarding Bolden damages of $236, after reduction for his apportionment of fault. Following entry of judgment, Bolden died, and his estate — which was substituted as the plaintiff — now appeals.
DISCUSSION
¶ 8. The plaintiff raises two assignments of error: (1) whether the trial court erred in striking the plaintiffs expert designations,[4] and (2) whether the trial court erred in striking Bolden’s medical bills, which previously had been entered into evidence. Because we find the second issue requires a new trial, we discuss it first.

The medical bills.

¶ 9. At trial, the defendants argued that Bolden did not establish a prima facie case. Defendants’ claim was that no causal relationship had been established between the medical bills marked as Exhibits 3-10 and the accident at issue, because no expert had testified as to a causal connection. However, Bolden testified that he was in good health before the accident and that each of the medical bills was incurred as a direct and proximate result of seeking treatment for the injuries he sustained in the collision. The trial court, persuaded by the argument of the defendants, struck the medical bills.
¶ 10. Mississippi Code Section 41-9-119 clearly states, “Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable.” Mississippi Code Ann. § 41-9-119 (Rev.2008). This Court has held, “When a party takes the witness stand and exhibits bills for examination by the court and testifies that said bills were *1072 incurred as a result of the injuries complained of, they become prima facie evidence that the bills so paid or incurred were necessary and reasonable.” Jackson v. Brumfield, 458 So.2d 736, 737 (Miss.1984). The opposing party may then “rebut the necessity and reasonableness of the bills by proper evidence,” if desired. Id. If the opposing party rebuts the medical bills through proper evidence, the question is ultimately one for the jury. Id. Furthermore, based on its holding in Jackson, this Court has held it is reversible error not to allow disputed medical bills to be submitted to the jury, when testimony has been given that such bills are part of the medical expenses incurred due to the injury at issue. Moody v. RPM Pizza, 659 So.2d 877, 885-886 (Miss.1995).
¶ 11. Based on Bolden’s unrebut-ted testimony regarding the injuries sustained and medical bills incurred as a direct and proximate result of such injury, Mississippi Code Section 41-9-119, and this Court’s precedent, we find that striking the medical bills labeled Exhibits 3-10 was reversible error. These bills instead should have been submitted to the jury for the jury’s determination as to whether a causal connection existed between the accident and the medical bills. Therefore, this case must be reversed and remanded.

Expert testimony.

¶ 12. Although we find the second issue raised to be dispositive, we also find it prudent to provide some guidance to the trial court and the parties with respect to the remand. Initially, we will address the defendants’ contention that, because the plaintiff failed to proffer its experts’ testimony and failed to include the trial transcript in the record, it did not preserve for appeal the issue of whether the trial court erred in striking its experts. We disagree.
¶ 13. The purpose of requiring a proffer of the substance of excluded testimony is to enable a reviewing court to determine whether the testimony was material, and whether its exclusion affected a substantial right. See Harris v. Shields, 568 So.2d 269, 272 (Miss.1990). Here, because of a purported discovery violation, the trial court struck the plaintiffs experts themselves and not their testimony. Neither the experts’ qualifications nor the substance of their testimony (had they been called) was in question. We have no need of a proffer of the substance of their testimony to review the trial court’s decision.
¶ 14. We now address the defendants’ contention that the trial court properly struck the plaintiffs experts. A trial court has considerable discretion regarding discovery matters. Dawkins v. Redd Pest Control Co., 607 So.2d 1232, 1235 (Miss.1992). Our standard of review of sanctions for discovery violations is whether the trial court abused its discretion. Caracci v. Int’l Paper Co., 699 So.2d 546, 556 (Miss.1997) (quoting Barnes v. Confidential Party, 628 So.2d 283, 291 (Miss.1993)). We will affirm “unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Caracci, 699 So.2d at 556 (quoting Barnes, 628 So.2d at 291). Exclusion of evidence for a discovery violation is an extreme measure, and lower courts should exercise caution before doing so, because our courts are “courts of justice [and] not of form.” See Caracci, 699 So.2d at 556 (quoting Clark v. Miss. Power Co., 372 So.2d 1077, 1078 (Miss.1979)); Miss. Power & Light Co. v. Lumpkin, 725 So.2d 721, 734 (Miss.1998) (citing McCollum v. Franklin, 608 So.2d 692 (Miss.1992) (overruled on other grounds)).
*1073 ¶ 15. Bearing in mind this deferential standard of review and the fact that this case is being remanded for a new trial, we choose not to address whether the trial court erred in excluding the plaintiffs experts. Instead, we direct that, on remand, the parties shall be allowed to supplement their discovery responses with respect to expert witnesses. Any other discovery shall be conducted only by order of the trial court.[5] Additionally, the parties should be mindful of their continuing duty seasonably to supplement discovery responses. Miss. R. Civ. P. 26(f).
¶ 16. In this case, the defendants claim the plaintiff was without authority to provide expert opinions and other expert information by reference to collateral documents, such as medical records. The trial court agreed and struck the plaintiffs experts. Because we reverse this case on other grounds, we decline to address the issue of whether the plaintiffs method of responding to the defendant’s expert interrogatories was acceptable. We do state however, that, under the particular facts of this case, the plaintiff may avoid the risk of an adverse ruling on the issue by simply providing, within a reasonable time, specific written responses which do not require the defendant to refer to the medical records or other collateral documents.
CONCLUSION
¶ 17. According to the testimony, the medical bills at issue were incurred due to the injury at issue. Therefore, the trial court committed reversible error by refusing to allow them to be submitted to the jury. Accordingly, we reverse and remand for a new trial, with directions that the parties shall be allowed — within a time set by the trial court — -to supplement their discovery responses with respect to expert witnesses.
¶ 18. REVERSED AND REMANDED.
CARLSON, P.J., RANDOLPH, LAMAR AND CHANDLER, JJ., CONCUR. KITCHENS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J., CHANDLER AND PIERCE, JJ. GRAVES, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED IN PART BY KITCHENS, CHANDLER AND PIERCE, JJ. WALLER, C.J., NOT PARTICIPATING.

. See Miss. R. Civ. P. 26(b)(4).

. Bolden did not, however, address the substance of facts or a summary of the grounds for each opinion. Additionally, Williams disputes that all medical summaries had been provided.

. The trial court also granted the defendants’ motion for partial summary judgment, finding that Bolden was negligent as a matter of law.

.We note that in its "Statement of the Issues,” the plaintiff assigns error only to the trial court's exclusion of its experts. But in its discussion of the issues, the plaintiff argues that the trial court erred in striking both parties’ expert designations.

. Upon remand of a case for a new trial— absent a directive from this Court to the contrary — the decision of whether to reopen discovery and other pretrial matters in a case is left squarely within the sound discretion of the trial court, and the trial court's decision, absent an abuse of that discretion, will not be disturbed. Banks v. Hill, 978 So.2d 663, 665 (Miss.2008). See also Scoggins v. Baptist Mem'l. Hosp.-Desoto, 967 So.2d 646, 648 (Miss.2007).