# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-00444-SCT

*CURTIS BOYD, BY AND THROUGH MARY*
*MASTIN, NEXT FRIEND, INDIVIDUALLY AND*
*ON BEHALF OF AND FOR THE USE AND*
*BENEFIT OF CURTIS L. BOYD*

*v.*

*GREGORY NUNEZ, M.D.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/08/2011 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN W. NISBETT |
| | MICHAEL A. HEILMAN |
| | JONATHAN B. FAIRBANK |
| | CHRISTOPHER THOMAS GRAHAM |
| ATTORNEYS FOR APPELLEE: | DAVID W. UPCHURCH |
| | ROBERT K. UPCHURCH |
| | JOHN MARK McINTOSH |
| | JANELLE M. LOWREY |
| | JOSHUA S. WISE |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 01/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In this medical malpractice case, the defendant alleged the plaintiff's discovery response concerning his expert was insufficient. The trial judge ordered the plaintiff to produce the expert for a deposition but, due to illness, the expert was unable to attend the

scheduled deposition. Without addressing whether the plaintiff was at fault for failure to comply with the court's order to produce the expert for deposition, the trial court ordered that the expert would not be allowed to testify. The Mississippi Court of Appeal affirmed. We reverse and remand for a hearing on that issue.

## FACTS AND PROCEDURAL HISTORY

¶2. Dr. Gregory Nunez treated Curtis Boyd, a resident of Vineyard Court Nursing Center, for approximately six months in 2004. Boyd claims that Dr. Nunez's malpractice and the nursing home's negligence combined to cause an uncontrolled infection and the amputation of his leg.

¶3. Boyd filed a medical malpractice suit against Dr. Nunez, and the parties agreed to a scheduling order setting September 15, 2009, as the deadline for Boyd to designate an expert witness; October 30, 2009, for the defendants to designate their expert; November 13, 2009, for the close of discovery; November 20, 2009, for dispositive motions; and November 30, 2009, for the trial.

¶4. According to Dr. Nunez's counsel at the hearing on his motion to compel, Boyd timely designated Dr. John Payne as his medical expert on September 15, 2009. But Dr. Nunez requested a more definite statement of the factual basis for Dr. Payne's conclusions. After receiving no supplementation, Dr. Nunez filed a motion to compel and requested potential dates to depose Dr. Payne. On November 4, 2009, Boyd filed a supplementation to his expert disclosure, and he moved for a continuance.

¶5. On November 9, 2009, at a hearing on Boyd's motion for a continuance and Dr. Nunez's motion to compel, Dr. Nunez argued that Boyd's supplementation was insufficient,

2

but he agreed that his concerns could be satisfied by deposing Dr. Payne before trial. The trial judge ordered the parties to work together and schedule Dr. Payne's deposition before the scheduled trial date of November 30.

¶6. The trial judge did not rule on the motion for a continuance, stating that he was not inclined to postpone the trial. He did state, however, that if the parties could not complete Dr. Payne's deposition before trial, he might have to continue trial to a later date. The parties agreed to conduct Dr. Payne's deposition on November 21, 2009.

¶7. On Friday, November 20, Boyd notified Dr. Nunez that Dr. Payne had become ill and would be unable to appear at the scheduled deposition. Boyd provided Nunez with a second supplementation to his expert disclosure, detailing all of the facts supporting Dr. Payne's opinions. At a later hearing, Boyd claimed he faxed a copy of the second supplementation to Dr. Nunez that Friday afternoon, but Dr. Nunez claimed he did not receive it until the following Monday, November 23.

¶8. On November 23, 2009, the parties conducted mediation, and Boyd settled with all defendants except Dr. Nunez. When the parties appeared for the scheduled trial, Dr. Nunez filed a motion to exclude Dr. Payne's testimony, arguing that the trial court should not consider the second supplementation filed after the close of discovery and that the original designation and first supplementation were still insufficient.

¶9. Boyd argued that Dr. Payne's illness was unforseen, and that the trial judge should grant a continuance to allow the parties to reschedule the deposition. The trial judge found that Boyd's original designation and first supplementation were insufficient, and he refused

3

to consider the second supplementation. He then ruled that Dr. Payne would not be allowed to testify.

¶10.     Dr. Nunez then argued that, because Boyd could not prevail on his medical malpractice claim without expert testimony, the trial judge should enter a final judgment in his favor. The trial judge agreed and entered the final judgment. After the trial court denied Boyd's motion for reconsideration, he appealed, and the Mississippi Court of Appeals held that the trial judge correctly excluded Dr. Payne's testimony as a discovery sanction for failure to provide a sufficient expert disclosure[1] and affirmed the summary judgment.[2] We granted *certiorari*.

**ANALYSIS**

¶11.     We review a trial judge's decision to exclude evidence as a discovery sanction for an abuse of discretion.[3] The trial judge excluded Dr. Payne's testimony because he found that Boyd had failed to satisfy the requirements of Rule 26 for expert disclosures. In determining that exclusion was appropriate, he applied the four-factor test announced in *Mississippi Power & Light Co. v. Lumpkin*.[4] We find the trial judge analyzed the wrong discovery issue.

¶12.     Mississippi Rule of Civil Procedure 26 provides that:

---

[1]*Boyd ex rel. Mastin v. Nunez*, No. 2011-CA-00444-COA, 2013 WL 500858, **3, 4 (Miss. Ct. App. Feb. 12, 2013).

[2]*Id.* at **5, 6.

[3]*Estate of Bolden ex rel. Bolden v. Williams*, 17 So. 3d 1069, 1073 (Miss. 2009).

[4]*Mississippi Power & Light Co. v. Lumpkin*, 725 So. 2d 721, 733, 34 (Miss. 1998).

4

A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.[5]

¶13. Where one party alleges another party failed to fully respond to discovery, the proper procedure is for the aggrieved party to seek a remedy from the trial court by filing a motion to compel.[6] And where, as here, the trial court orders relief, and the aggrieved party claims the other party failed to comply with that order, the trial court must determine whether sanctions are proper for failure to comply with the court's order.[7]

¶14. After Boyd's initial disclosure, Dr. Nunez made a request for further expert disclosure. In response, Boyd provided a supplement to his expert designation. Dr. Nunez found the supplementation inadequate and moved the trial court for an order compelling a more definite statement of "the substance of the facts and opinions to which the expert is expected to testify."[8] At the hearing on Dr. Nunez's motion to compel, the trial court fashioned a remedy, ordering the parties to conduct a deposition of Dr. Payne prior to the trial set for November 30.

¶15. When the deposition did not take place because of Dr. Payne's illness, Dr. Nunez moved to exclude Dr. Payne's testimony. Rather than analyzing whether Boyd should be

---

[5]Miss. R. Civ. P. 26(b)(4)(A)(1).

[6]*Ford Motor Co. v. Tennin*, 960 So. 2d 379, 393 (Miss. 2007) (quoting *Caracci v. Int'l Paper Co.*, 699 So. 2d 546, 557 (Miss. 1997)).

[7]*Ford*, 960 So. 2d at 393.

[8]*Id.*

5

sanctioned for his failure to comply with the order to produce Dr. Payne for a deposition, the trial judge went behind his previous order and sanctioned Boyd for his insufficient supplementation. Said differently, the trial judge should have analyzed whether sanctions were appropriate based on Boyd's failure to produce Dr. Payne for a deposition, as the court had ordered. Because the trial judge never engaged in that analysis, we must reverse and remand.

## CONCLUSION

¶16. Because the trial judge analyzed the wrong discovery issue, we reverse both the judgment of the Court of Appeals and the trial court's entry of final judgment and exclusion of Dr. Payne's testimony, and we remand this case for the trial court to determine whether Boyd should be sanctioned for his failure to produce Dr. Payne for a deposition, as the court had ordered.

¶17. **REVERSED AND REMANDED.**

**WALLER, C.J., LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. COLEMAN, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, P.J., AND KING, J., NOT PARTICIPATING.**