CHANDLER, Justice,
dissenting:
¶ 23. In this ease, the plaintiffs filed an expert designation of Kirk Rosenhan after a lengthy interlocutory appeal and outside the time set by a scheduling order. The trial court denied the defendants’ motion to strike, ordered the parties to enter into an “agreed scheduling order covering all necessary and outstanding discovery to include designation of experts and motion deadline,” and continued the trial. The majority finds that this ruling was outside the trial court’s discretion. In other words, the majority finds that the plaintiffs’ conduct in this case was so egregious as to remove all discretion from the trial court, resulting in the exclusion of expert testimony. Because I believe the majority erroneously substitutes its judgment for that of the trial court, I respectfully dissent.
¶ 24. Excluding evidence based on a discovery violation is an extreme measure. Mississippi Power & Light v. Lumpkin, 725 So.2d 721, 788 (Miss.1998). Therefore, “lower courts should exercise caution before doing so, because our courts are “‘courts of justice [and] not of form.’” Estate of Bolden ex rel. Bolden v. Williams, 17 So.3d 1069, 1072 (Miss.2009). Before excluding evidence based on a discovery violation, the trial court should consider: (1) the explanation for the transgression; (2) the importance of the testimony; (3) the need for time to prepare to meet the testimony; and (4) the possibility of a continuance. Lumpkin, 725 So.2d at 733-34.
The first consideration involves a determination whether the failure was deliberate, seriously negligent or an excusable oversight. The second consideration involves an assessment of harm to the proponent of the testimony. The third and fourth considerations involve an assessment of the prejudice to the opponent of the evidence, the possibility of alternatives to cure that harm and the effect on the orderly proceedings of the court.
Id. at 734. Because the trial court has considerable discretion in discovery matters, we must affirm its decision absent “a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Estate of Bolden, 17 So.3d at 1072.
¶ 25. The following evidence was before the trial court. The plaintiffs- gave no explanation for the late designation other than the convoluted nature of the proceedings. Before the interlocutory appeal, the plaintiffs had withdrawn the designation of their first expert witness because they were dissatisfied with him. They designated Rosenhan after the remand, arguing that all discovery deadlines started anew after a remand for further proceedings. Rosenhan was the plaintiffs’ only expert on liability. The defendants did not show *701 they would suffer any prejudice other than the prejudice inherent in the delay. The plaintiffs offered to make Rosenhan available for deposition at their own expense.
¶ 26. The trial court rejected the plaintiffs’ argument that all discovery deadlines begin anew after the remand. However, the trial court ordered the entry of an agreed scheduling order “in an effort to prevent a possible injustice to the Plaintiffs and Defendants and finding no actual prejudice to the Defendants.” Thus, rather than simply denying the motion to strike, the trial court reopened discovery. This ruling was within the trial court’s considerable discretion in discovery matters, and it was supported by the evidence before the trial court. Exclusion of the plaintiffs’ liability expert would result in foreseeable harm to the plaintiffs’ case. While there was no explanation for the late designation, there also was no evidence that reopening discovery and continuing the trial would prejudice the defendants. Further, the plaintiffs offered to pay the costs of deposing Rosenhan. Obviously, the trial court determined that, under these circumstances, justice, not form, should prevail. See Estate of Bolden, 17 So.3d at 1072.
¶ 27. The majority substitutes its judgment for that of the trial court by reweighing the evidence. While the trial court would have been within its discretion in granting the motion to strike, its decision to reopen discovery also was within its discretion. This Court has stated that “[p]re-trial discovery is governed by flexible rules well within the administrative capacity of our trial courts.” Crawford v. Wall, 593 So.2d 1014, 1017 (Miss.1992) (quoting In re Knapp, 536 So.2d 1330, 1333 (Miss.1988)). Because this Court interferes with a matter committed to the trial court’s sound discretion, I respectfully dissent.
KITCHENS, PIERCE AND KING, JJ., JOIN THIS OPINION.